CLERK'S OFFICE U.S. DIST. COURT
AT DANVILLE, VA
FILED

MAY 21 2015

JULIA C. DUDLEY, CLERK
BY: /s/
DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | | |
|---|---|---|
| LLOYD WAYNE SHEPPARD,<br>　　Plaintiff, | ) | Civil Action No. 7:15-cv-00231 |
| v. | ) | **MEMORANDUM OPINION** |
| DEAN MANNOR, et al.,<br>　　Defendants. | ) | By:　Hon. Jackson L. Kiser<br>　　　Senior United States District Judge |

Lloyd Wayne Sheppard, a Virginia inmate proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983. Plaintiff names as defendants Commonwealth's Attorney Dean Mannor, Assistant Attorney General Katherine Aldelfo, and Warden J.A. Woodson. Plaintiff seeks his immediate release from imprisonment because he believes his state-court convictions were unlawful.

I dismiss this action without prejudice as frivolous for pursuing an indisputably meritless legal theory.[1] See, e.g., Neitzke v. Williams, 490 U.S. 319, 327 (1989). It is well settled that an inmate's sole remedy in federal court to request a speedier release from custody is a properly-filed petition for a writ of habeas corpus. See Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) (stating that a writ of habeas corpus is sole federal remedy when inmate challenges fact or duration of imprisonment and relief sought is finding that the inmate is entitled to a speedier release). It is also well settled that a § 1983 claim cannot succeed where a judgment in the inmate's favor would necessarily demonstrate the invalidity of confinement. Heck v. Humphrey, 512 U.S. 477, 486-88 (1994). Awarding judgment in favor of Plaintiff in this action for alleged violations of federal rights warranting his release from imprisonment requires finding the state

---

[1] Although I liberally construe pro se complaints, I do not act as an inmate's advocate, sua sponte developing statutory and constitutional claims not clearly raised in a complaint. See Brock v. Carroll, 107 F.3d 241, 243 (4th Cir. 1997) (Luttig, J., concurring); Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985); see also Gordon v. Leeke, 574 F.2d 1147, 1151 (4th Cir. 1978) (recognizing that a district court is not expected to assume the role of advocate for a pro se plaintiff).

court criminal judgments to be unlawfully imposed. Accordingly, Plaintiff pursues an indisputably meritless legal theory to compel his release via 42 U.S.C. § 1983 while still incarcerated and without showing favorable termination of the criminal proceedings. See Heck, 512 U.S. at 487 (noting favorable termination is when the conviction or sentence has been reversed on direct appeal, expunged by executive order, or declared invalid by a state tribunal or federal court). I decline to construe the complaint as a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 as Plaintiff has already pursued that remedy unsuccessfully. Sheppard v. Clark, No. 7:11-cv-00540, slip op. at 1 (W.D. Va. Sept. 24, 2012); see 28 U.S.C. § 2244(b) (barring successive petitions for a writ of habeas corpus under 28 U.S.C. § 2254).

**ENTER**: This 21st day of May, 2015.

Senior United States District Judge